**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TARICO DEVONTAE ROCKETTE,
SR.,

Petitioner-Appellant,

v.

LARRY REID, and THE COLORADO
ATTORNEY GENERAL,

Respondents-Appellees.

No. 07-1455
(D. of Colo.)
(D.C. No. 05-cv-1735-WDM-MEH)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

Tarico Rockette, Sr., is currently a state prisoner in Colorado. He seeks a

certificate of appealability (COA) to challenge the district court's denial of

habeas corpus relief to him under 28 U.S.C. § 2254. The district court denied all

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Rockette's claims. Proceeding pro se,[1] Rockette now seeks a COA from this court on six of the seventeen grounds raised below.

For substantially the same reasons provided by the district court, we AFFIRM.

## I. Background

In 2000, Rockette was tried before a Colorado state jury and convicted of two counts of aggravated robbery. Rockette is serving two consecutive ten-year sentences in the Colorado Department of Corrections. The Colorado courts affirmed his conviction both on direct and collateral appeal. Rockette filed this § 2254 action in the United States District Court for the District of Colorado, and the court denied his petition.

The district court denied all seventeen issues Rockette raised in his § 2254 petition by concluding he procedurally defaulted on thirteen claims[2] and rejected

---

[1] Because Rockette proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The claims procedurally barred were: (1) Rockette was subject to an unlawful search without a warrant; (2) Rockette was subject to an unlawful one-on-one show-up identification procedure following his arrest; (3) victims gave inconsistent statements concerning when they first identified Rockette; (4) the victims gave inconsistent and conflicting statements to the police; (5) trial counsel failed to suppress or challenge the credibility of statements made by a co-defendant at trial; (6) there was a lack of physical evidence linking Rockette to the robbery; (7) the prosecution failed to provide discovery, and defense counsel failed to obtain discovery; (8) Rockette was never advised that a co-defendant had made a videotape statement implicating him in the robbery; (9) the trial court

(continued...)

-2-

the remaining three claims on the merits.[3]  The district court also reviewed and rejected an argument of actual innocence based upon a claim of new evidence.

Before this court Rockette properly raises six claims: (1) the trial court erred in denying Rockette's challenge for cause for a particular juror; (2) the trial court erred in denying Rockette's *Batson* challenge,  *Batson v. Kentucky*, 476 U.S. 79 (1986), to the excusal of another juror; (3) the trial court erred in denying his motion for substitute counsel; (4) the trial court deprived Rockette of his right to testify at trial because trial counsel did not move to suppress his prior convictions; (5) trial counsel failed to call two additional witnesses as defense witnesses; and (6) a 2006 letter from a co-defendant to the magistrate judge established Rockette's actual innocence.  Rockette thus waives all other claims raised before the district court.

_____

[2](...continued)
erred in denying Rockette's *Batson* challenge, *Batson v. Kentucky*, 476 U.S. 79 (1986), to the excusal of a particular juror; (10) defense counsel failed to challenge for cause a potential juror who had been the victim of prior robberies; (11) defense counsel failed to call two defense witnesses, including a co-defendant; (12) the trial court erred in denying motion for judgment of acquittal on the robbery count relating to one of the robbery victims; and (13) Rockette was deprived of his right to testify at trial.

[3]  The claims rejected on the merits were: (14) the photo lineup procedure was impermissibly suggestive; (15) the trial court erred in denying Rockette's motion to substitute counsel; and (16) the trial court erred in denying Rockette's challenge for cause to a particular juror.

## II. Discussion

In order to obtain a COA, Rockette must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, Rockette "must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Id.* at 338.

For substantially the same reasons as those set forth in the district court's order, which adopted the reasoning of the magistrate judge's Recommendation of Dismissal, we conclude Rockette is not entitled to a COA. Three of his claims are procedurally barred from review and the remaining three claims fail on the merits.

### A. Procedural Default

We first consider whether Rockette procedurally defaulted any of his claims on appeal. On habeas review, we will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates cause for the default and actual prejudice, or

demonstrates a fundamental miscarriage of justice. *McCracken v. Gibson*, 268

F.3d 970, 976 (10th Cir. 2001).

For three of the claims raised on appeal, Claims 2 (*Batson* claim), 4 (prior

convictions), and 5 (additional witnesses), the district court found Rockette

procedurally defaulted. Rockette asserts no cause for the default. Nor has he

shown the probability of actual innocence required by the fundamental

miscarriage of justice exception. *See Bousley v. United States*, 523 U.S. 614, 623

(1998). We conclude Rockette defaulted on Claims 2, 4, and 5 raised on appeal.

**B. Rockette's Reviewable Claims**

For the three remaining claims on appeal, the district court correctly

concluded Rockette's claims would not support habeas relief.

*1. Denial of challenge for cause to a particular juror*

The district court correctly found no error in the trial court's refusal of

Rockette's motion to challenge a particular juror for cause, resulting in Rockette

exercising a peremptory strike to dismiss that juror. Rockette does not contend

that any of the jurors who actually served on the jury were biased. The denial of

a for cause challenge which leads to the defendant's use of a peremptory

challenge does not create a constitutional violation:

> Petitioner was undoubtedly required to exercise a peremptory
> challenge to cure the trial court's error. But we reject the notion that
> the loss of a peremptory challenge constitutes a violation of the
> constitutional right to an impartial jury. We have long recognized
> that peremptory challenges are not of constitutional dimension. They

-5-

are a means to achieve the end of an impartial jury. So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated. We conclude that no violation of petitioner's right to an impartial jury occurred.

*Ross v. Oklahoma*, 487 U.S. 81, 88 (1988) (citations omitted). Rockette's claim regarding the juror in question is without merit.

2. *Denial of Rockette's request for substitute counsel*

The district court correctly rejected Rockette's argument that substitute counsel should have been provided at trial. Rockette contends his right to the assistance of counsel was violated when the trial court denied his request for court-appointed private counsel to represent him in place of the public defender's counsel. To prevail, Rockette would need to prove a complete breakdown in communication evidenced by a severe and pervasive conflict with his attorney, or evidence of minimal contact with the attorney rendering meaningful communication impossible. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). Rockette fails to show that his disagreements with counsel created a complete breakdown in communication.

3. *The 2006 Ortiz letter claiming that Rockette is innocent*

The district court rejected Rockette's claim of actual innocence. Rockette argued that new evidence presented to the district court, a 2006 letter from his co-

defendant, Frank Ortiz, established Rockette's innocence.[4]  To establish actual innocence, Rockette must prove "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley*,  523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  The letter from Ortiz submitted to the district court does not satisfy this standard.  While the letter purports to absolve Rockette of responsibility for the crime, the magistrate judge found it conflicted with a 2004 letter Ortiz submitted on behalf of Rockette in the Colorado Court of Appeals.  In that letter, Ortiz denied making statements which implicate Rockette, but unlike the 2006 version did not represent that Rockette was actually innocent of the charges.  The district court expressed additional concerns about the reliability of Ortiz's letter, most significantly that another co-defendant made a video confession implicating Rockette in the robbery.  Given these facts, and the overall evidence from the record, we are satisfied the district court did not err in rejecting the claims of Rockette's actual innocence.

### III.  Conclusion

Based on our review of the record, we are not persuaded jurists of reason would disagree with the district court's disposition of Rockette's petition.

---

[4]  Because we likewise find Rockette's actual innocence claim lacking, we need not address the role of actual innocence claims as independent claims in the context of habeas review.  *See generally Sellers v. Ward*, 135 F.3d 1333, 1338–39 (10th Cir. 1998) (discussing actual innocence claims as a gateway to other constitutional claims, but not raising an independent constitutional claim cognizable on habeas review).

Accordingly, we DENY the application for COA.  We also GRANT the motion to proceed *in forma pauperis*, and AFFIRM the district court.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge